IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDRA BOUIER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:08cv987-MEF |
| | ) |
| LEWIS TRUCKING COMPANY, *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This action is brought by Kendra Bouier, the widow of Julius Erving Bouier ("Bouier") as Administratrix of Bouier's estate against a variety of defendants. Bouier, an applicant for employment with the Alabama Department of Corrections, died in a motor vehicle accident along with several other individuals who were in a van owned by the Alabama Department of Corrections. Although it was not being used in this way at the time of the accident, the van had been modified for transporting prisoners. Plaintiff alleges that the modifications to the van did not allow Bouier to escape from the van after it was involved in a head on collision with a Lewis Trucking Company truck. The Complaint alleges that due to negligence and wantonness of the various defendants Bouier and the others in the van were killed. The estates of the other occupants of the van have filed similar lawsuits.[1]

---

[1] Those actions are also pending in this Court. They are: *Sonie Taylor v. Lewis Trucking Co., et al.*, 2:08cv986-MHT; *Jenny Simmons v. Lewis Trucking Co., et al.*, 2:08cv988-WKW; *Annette Fenn v. Lewis Trucking Co., et al.*, 2:08cv989-MHT; *Joan Foye Wynn v. Lewis Trucking Co., et al.*, 2:08cv990-WKW; *Bishop A. Ivey v. Lewis Trucking Co., et al.*, 2:08cv991-WKW; *Carolyn Kelley v. Lewis Trucking Co., et al.*, 2:08cv992-MHT.

All of these lawsuits, except for the interpleader action, were initially filed in state court and removed to federal court. In each of those other lawsuits initially filed in state court, the attorney representing the plaintiff has filed a post-removal motion to remand. While no such motion has yet been filed in this case, the Court has significant concerns about whether subject matter jurisdiction has been adequately shown by the removal papers. This is especially true given this Court's understanding of *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007) and its progeny. *See, e.g., Thibodeaux v. Paccar, Inc.*, ___ F. Supp. 2d ___, 2009 WL 27225 at *1-*3 (M.D. Ala. Jan. 6, 2009).

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted). At any time, the Court may, and indeed must, review *sua sponte* whether it possesses subject matter jurisdiction over an action before it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-11 (11th Cir.1999) (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction); Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (same); *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1259 (N.D. Ala.

---

Additionally, there is an interpleader action pending in this Court which is related to the accident. *Canal Ins. Co. v. Fenn, et al.,* 2:08cv957-MEF.

1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *see also Insur. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982).

Accordingly, it is hereby ORDERED as follows:

1. On or before February 3, 2009, counsel for the removing defendants shall file a brief in support of the removal papers further addressing subject matter jurisdiction in general and the *Lowery* case and its progeny, in particular.

2. On or before February 10, 2009, counsel for plaintiff shall file a brief addressing these issues as well.

DONE this the 27th day of January, 2009.

      /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE